OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted to Supreme Court, New York County, for further proceedings in accordance with this memorandum.
Almost 19 years ago, the defendant Dhoruba Bin Wahad was convicted of two counts of attempted murder (Penal Law § 110.00, former § 125.25) and one count of felonious possession of a weapon (Penal Law former § 265.05) in connection with a 1971 machine gun shooting of two police officers. Defendant’s conviction was affirmed by the Appellate Division (51 AD2d 891) and by this Court (42 NY2d 421). In 1988, he filed a motion to vacate a judgment of conviction under CPL 440.10. In his motion papers, defendant claimed that the prosecution had failed to turn over Rosario material to which *789 he was entitled (People v Rosario, 9 NY2d 286, cert denied 368 US 866).
For the reasons stated in our opinion in People v Jackson (78 NY2d 638 [decided today]), we conclude that in order to vacate his conviction based on his Rosario claim the defendant must demonstrate that there was a reasonable possibility that this failure to turn over Rosario material contributed to the guilty verdict against him. The defendant is entitled to a CPL 440.10 hearing to permit him to make this showing. Additionally, defendant should be permitted to address those other claims that were not reached below as a result of the disposition of his Rosario claim.