■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL HARDEN, Respondent.—Order, Supreme Court, New York County (Budd G. Goodman, J.), entered January 8, 1991, granting defendant's motion pursuant to CPL 440.10 to vacate his July 20, 1979 conviction of criminal sale of a controlled substance in the first, second and third degrees, unanimously reversed, on the law, and the matter remanded for a hearing pursuant to CPL 440.10.

In vacating the judgment of conviction, which this Court had previously affirmed (81 AD2d 1045, *lv denied* 54 NY2d 685), based on defendant's claim of a *Rosario* violation, the trial court applied an erroneous standard, that is, that the People's failure to turn over the material in question at trial was not subject to harmless error analysis. As the Court of Appeals has now held, a defendant who has exhausted his direct appeal and raises a *Rosario* claim by a CPL 440.10 motion is required to make an actual showing of prejudice as a result of the People's failure to turn over the *Rosario* material *(People v Bin Wahad,* 79 NY2d 787). Thus, it was error to apply an error per se standard in deciding defendant's

CPL 440.10 motion. We remand for a hearing. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.